MARIA F. FITZGERALD, Relator and Appellant, *v.* THOMAS FITZGERALD, Respondent.

*A father may appoint a guardian for his child without the consent of the mother — chapter 172 of 1862, was repealed by chapter 32 of 1871.*

Section 6 of chapter 172 of 1862, declaring that no man should create any testamentary guardian for his child unless the mother, if living, should in writing signify her assent thereto, was repealed by chapter 32 of 1871, authorizing every father to dispose, by deed or will duly executed, of the custody and tuition of any living child, or one likely to be born, during its minority or for any less time to any person or persons in possession or remainder.

Appeal from an order made at a Special Term denying a petition for a writ of *habeas corpus.*

*Thomas Nolan,* for the relator and appellant.

*Francis V. S. Oliver,* for the respondent.

Brady, J.:

This proceeding was commenced by the service of a *habeas corpus* on the petition of Maria F. Fitzgerald.

The return alleged that the respondent, Thomas Fitzgerald, had the possession and care of the infant Thomas Fitzgerald by the direction and consent of Hannah E. Fitzgerald, who was appointed the guardian of the infant by his father, Michael F. Fitzgerald, in his last will and testament, which was found on file in the office of the surrogate of the county of New York and offered for probate. The traverse to the return admitted the appointment of Hannah E. Fitzgerald as the guardian of the infant, but alleged that the relator, who was the mother of the infant, never by word, in writing or in any way signified her assent thereto. The writ was dismissed upon the ground that the father's appointment of a guardian was valid and effectual without the consent of the mother, and hence this appeal.

The statute of 1871 (Laws of 1871, chap. 32, p. 39) declares that every father may, by deed or last will duly executed, dispose of the custody and tuition of any living child, or one likely to be born,

during its minority, or for any less time, to any person or persons in possession or remainder.

The legislature had, in a prior act passed in 1862 (see Laws 1862, chap. 172, § 6), declared that no man should bind his child to apprenticeship or service, or part with the control of such child, or create any testamentary guardian· therefor unless the mother, if living, should, in writing, signify her assent thereto. The statute of 1871, in reference to the testamentary guardian, is therefore in direct conflict with the provisions of the act of 1862. The appellant seems to think that the act of 1862 is still in force notwithstanding the enactment of 1871, to which reference has been made. The two acts are, in the respect mentioned, in direct antagonism to each other; the one declaring that no man shall create a testamentary guardian for his child without the assent of the mother, if living, and the other declaring that he may so do. The statute of 1862 would, in consequence, seem to be repealed by very well settled principles. The question presented by the appellant has been elaborately considered by Mr. Justice VAN VORST in the case of *Thompson* v. *Thompson* (see 55 How., 494), and he arrived at the conclusion that the statute of 1862 was repealed. We entertain no doubt as to the correctness of that decision and consider that case to be decisive, therefore, of the question at issue.

We are not advised of the reasons which induced the legislature to change the law on the subject under consideration, nor are we called upon to express our views upon the propriety of its action in so doing. The power of disposition given by the act of 1871 would seem to be very impolitic and unjust, although instances might arise in which its exercise would be for the advantage of the child. It would seem to be unjust for the reason that the custody might be given to a person other than a deserving mother by reason of the mere caprice or prejudice of the decedent or of the exercise of undue influence over him.

It is our duty, however, to administer the law as we understand it, and we have, therefore, no alternative other than to affirm the order appealed from, without costs.

DANIELS, J., concurred; DAVIS, P. J., taking no part.

Order affirmed, without costs.